PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────────

DANA L. MCCARRICK,

        Plaintiff,

  -v-                                          21-CV-6227-FPG

BRANDON OWENS, DEAN SWAN AND           ORDER
FEMALE STEUBEN COUNTY DEPUTY
(JANE DOE),[1]

        Defendants.

───────────────────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff, Dana McCarrick, was confined at the Steuben County Jail at the time of filing the initial Complaint seeking relief under 42 U.S.C. § 1983. ECF No. 1. Upon screening of the Complaint under 28 U.S.C. § 1915A, Plaintiff's claims were dismissed with leave to file an amended complaint. ECF No. 9. Plaintiff timely filed an Amended Complaint. ECF No. 10. For the reasons that follow, Plaintiff's Amended Complaint will be dismissed under 28 U.S.C. § 1915A.

## DISCUSSION

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a

---

[1] Plaintiff's initial Complaint named Steuben County (substituted for Steuben County Sheriff's Department pursuant to this Court's August 12, 2021 Screening Order), Deputy Brandon M. Owens and Deputy Jane Doe as Defendants. ECF No. 1. Plaintiff names Steuben County Sheriff's Deputies Brandon Owens, Dean Swan, and Jane Doe as Defendants in his Amended Complaint. ECF No. 10 at 5-6.

1

governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2). Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639. But leave to amend pleadings may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

I.     **The Amended Complaint**

In evaluating the Amended Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) (discussing pleading standard in *pro se* cases after *Twombly*: "even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

A liberal reading of the Amended Complaint and attached documents, assumed to be true, tells the following story. On April 30, 2020, Plaintiff went to his father's home and asked Kelly and Jeffrey Goltry (Plaintiff's brother-in-law) to "return the firearms that they stole from

[Plaintiff's] parent's home." ECF No. 10 at 1. Plaintiff's father "got sarcastic with[him], and [Plaintiff] got sarcastic in return." *Id*. Plaintiff claims he "never threatened Jeffrey," but tried to contact him to discuss the firearms. *Id*. New York State Troopers and Defendant Steuben County Sheriff's Deputy Owens subsequently arrested Plaintiff at his home ("April Incident"). *Id*. at 2. They asked if Plaintiff "knew the Goltry's" and he said no. *Id*. Deputy Owens searched Plaintiff's home and recovered a hunting rifle that "could be seen when he entered the living room." *Id*. Plaintiff has a certificate of relief from disabilities ("CRD"), and was "under the assumption" that when he completed his 2007 sentence, the CRD became "permanent." *Id*.

Plaintiff contacted "multiple agencies" including the New York State Police, the Bureau of Alcohol, Tobacco, Firearms and Explosives, the Federal Bureau of Investigation, and the Steuben County Sheriff's Department. *Id*. No one helped him in his effort to recover the firearms from the Goltrys. *Id*. Plaintiff "lost [his] patience" with the Steuben County Sheriff's Department and "got rude on the phone," saying "are you going to do your (@@@@) job?" *Id*. Plaintiff claims he was subsequently retaliated against and prosecuted for asking the Sheriff to recover the firearms. *Id*. Plaintiff states that he "never threatened any Law Enforcement." *Id*. Plaintiff claims that the Steuben County Sheriff "lied to the media and the public about what really happened," stating that "[Plaintiff] threatened to harm or kill law enforcement, use explosives." *Id*. Plaintiff's reputation was "destroyed" and he has been unable to find work as a result because of the false charges. *Id*. at 3.

On the evening of December 23, 2020, Deputy Vanskiever called Plaintiff and asked him to come to the Sheriff's Department. *Id*. Plaintiff assumed they would "discuss getting [his] property signed over," because Vanskiever said he "couldn't discuss the matter over the phone." *Id*. The next morning, Plaintiff was arrested for making a "terroristic threat." *Id*. After his

appearance, Plaintiff was released but ordered to have a mental health evaluation. *Id*. Plaintiff was taken the Behavioral Science Unit ("BSU") in Elmira, New York. *Id*. A search warrant was issued and executed while Plaintiff was in the BSU. *Id*. After his release from the BSU, Plaintiff was arrested outside his home.[2]

Plaintiff seeks $250,000.00 in damages "for the heat in [his] home being intentionally turned off and causing [his] water pipes to burst," which flooded and damaged his home, and damages for unlawful arrest and imprisonment. *Id*. at 4. Plaintiff also wants "the charges dropped against him." *Id*.

## II.   Section 1983 Claims

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must

---

[2] Plaintiff's federal criminal case is pending before Magistrate Judge Pedersen. *United States v. McCarrick*, No. 20-mj-813.

plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal quotation marks and citation omitted).

   1. **Claims Against Defendants Owens, Swan and Jane Doe**

      a. *False Arrest*

Plaintiff realleges his claims of false arrest and malicious prosecution in relation to the April and December Incidents. "A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (citations omitted). Under New York law, "a plaintiff claiming false arrest must show, *inter alia*, that the defendant intentionally confined him without his consent and without justification." *Id*. Probable cause "is a complete defense to an action for false arrest" brought under New York law or § 1983. *Id*. (internal quotation marks and citation omitted).

The Court previously found that the Plaintiff's allegations indicated that there was probable cause for Plaintiff's April and December arrests. *See* ECF No. 9. Plaintiff's Amended Complaint provides no new or additional allegations suggesting that Defendants lacked probable cause.

Specifically, as to the April Incident, Plaintiff alleges in his Amended Complaint that "he never threatened Jeffrey [Goltry]." ECF No. 10 at 1. As the Court previously stated, "[e]ven if the officer relied on mistaken information, as alleged here, 'probable cause can exist . . . so long as the arresting officer acted reasonably and in good faith in relying on that information.'" ECF No. 9 at 8 (citing *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)).

As to the December incident, Plaintiff alleges that he "never threatened Law Enforcement," that he "asked questions about shooting video and [his] civil lawsuit," and that the Sheriff told

"[b]latent lies stating [Plaintiff] threatened to harm or kill law enforcement, use explosives." ECF No. 10 at 1. Again, as this Court previously stated, "Plaintiff's explanation that he was being sarcastic and meant shooting video at the courthouse when he said 'shooting' does not undermine the finding of probable cause to arrest." ECF No. 9 at 9. "These threats, even intended 'sarcastically' in the mind of Plaintiff, 'diverted the attention of law enforcement . . . who had no choice but to treat the threats as real." *Id*. (citing *United States v. Thompson*, 17-CR-165 (PKC), 2020 WL 6291400, at *2 (S.D.N.Y. Oct. 27, 2020)).

Thus, the allegations in Plaintiff's Amended Complaint do not cure the defects stated in the Court's August 12, 2021 Order. Plaintiff's allegations did not suggest that the officers lacked probable cause for Plaintiff again alleges that he was falsely arrested and maliciously prosecuted. Accordingly, Plaintiff's claims must be dismissed with prejudice.

      b. *Malicious Prosecution*

Plaintiff's malicious prosecution claims were also dismissed because "even if probable cause was lacking, there is no indication that any of the charges have been terminated in Plaintiff's favor or that the proceedings were instituted with malice." ECF No. 9 at 9. To state a claim for malicious prosecution, a plaintiff must show that the defendant's conduct was tortious under state law and resulted in a constitutionally cognizable deprivation of liberty. *See Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003). This requires plaintiff to show: (1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice. *See Colon v. City of New York*, 60 N.Y.2d 78, 82 (1983). Plaintiff's allegations do not suggest that the officers lacked probable cause nor has Plaintiff

alleged that any criminal charges have terminated in his favor. Accordingly, this claim is dismissed with prejudice.

        *c.*      *Retaliation*

Plaintiff alleges that he was retaliated against for repeatedly calling the Steuben County Sheriff's Department to help him "recover [his] stolen property." ECF No 10 at 2. To establish a claim for retaliation under section 1983, a plaintiff must show that (1) he engaged in constitutionally protected speech or conduct, (2) the defendants took adverse action against him, and (3) there was a causal connection between the protected speech or conduct and the adverse action. *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009). To prove the final prong, the plaintiff "bears the burden of showing . . . that the protected conduct was a substantial or motivating factor in the prison officials' decision to [take the action they did against the] plaintiff." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). The plaintiff may rely on circumstantial evidence to prove causation. *See Colon*, 58 F.3d at 872-73; *see also Espinal*, 558 F.3d at 129 ("A plaintiff can establish a causal connection that suggests retaliation by showing that protected activity was close in time to the adverse action."). Here, Plaintiff cannot establish a cause of action for retaliation because his allegations do not show that he engaged in constitutionally protected speech or conduct. Accordingly, this claim is also dismissed with prejudice.

        *d.*      *Due Process*

Plaintiff again alleges that his property was damaged during the execution of the search warrant, including that his heat was deliberately turned off causing significant damage to his property. The Court dismissed this claim in its August 12, 2021 Order because, even assuming Plaintiff was deprived of property within the meaning of the Fourteenth Amendment, any such

7

deprivation was not without due process because New York law provides an adequate post-deprivation remedy. *See* ECF No. 9 at 11 (citing *Love v. Coughlin*, 714 F.2d 207, 208-09 (2d Cir. 1983)). Because Plaintiff alleges no new or additional allegations relating to this claim, it must be dismissed with prejudice.

### e.  Equal Protection

Plaintiff again questions why "the Gotly's [were] not charged with possessing stolen firearms," when Jeffrey "admitted to taking the property and possessing it." ECF No. 10 at 2. The Court initially disposed of this claim because "it is well settled that 'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another' and thus 'lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." ECF No. 9 at 11 (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) and *In re Att'y Disciplinary Appeal*, 650 F.3d 202, 204 (2d Cir. 2011)). Accordingly, this claim is dismissed now with prejudice.

### f.  Search and Seizure

#### i.  April Incident

As to the April Incident, the Court previously determined that it must abstain from interfering with Plaintiff's ongoing criminal prosecutions pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). ECF No. 9 at 14. The Court explained that Plaintiff "has an opportunity to challenge the criminal charges against him and address all of the issues set forth in the Complaint by filing motions and raising objections in his pending criminal proceeding." *Id*. at 15. Plaintiff's Amended Complaint provides no further information as to the status of his pending criminal proceeding. As such, Plaintiff's search and seizure claim as to the April Incident is dismissed without prejudice pursuant to *Younger*.

> ii. <u>December Incident</u>

As to the December Incident, Plaintiff was granted leave to amend his Complaint because his "sole non-conclusory allegation with the regard to the illegality [of the December search and seizure] relates to [Plaintiff's] misunderstanding of the federal statute, which he claims requires that he have served more than one year in jail." ECF No. 9 at 16. The Court clarified that the statute at issue in fact "requires only that [Plaintiff's] prior conviction be of a crime punishable by incarceration in excess of one year (i.e. a prior felony conviction), a conviction which [Plaintiff] does not dispute." *Id*. at 16-17 (citing 18 U.S.C. §§922(g)(1) and 924(a)(2)). In his Amended Complaint, Plaintiff alleges only that he was arrested outside his home, "deputies were going through my home as I was being walked down [the] driveway," that they did not have a search warrant to search his home, that any such warrant was "obtained . . . later wile Plaintiff was in the BSU," and that he did not see the warrant until December 28, 2020. ECF No. 10 at 3. He realleges that he assumed his CRD was "permanent" and therefore he was otherwise qualified to possess a firearm. *Id*. at 2. Plaintiff offers no new or additional allegations which would cure the defects of his search and seizure claim, and it is therefore dismissed with prejudice.

> g. *Right to Counsel*

Liberally construed, Plaintiff alleges he was denied the right to counsel. This claim was initially dismissed with leave to replead because Plaintiff alleged only that Defendant Owens failed to read him his *Miranda* warnings. ECF No. 9 at 17. The Court explained that the warnings required by *Miranda v. Arizona*, 384 U.S. 436 (1966), "apply only to custodial interrogation." *Id*. (quoting *United States v. Newton*, 369 F.3d 659, 669 (2d Cir. 2004)).

In his Amended Complaint, Plaintiff again alleges that he "was never given or read [his] Miranda rights at in [sic] time during any of the [alleged] incidents," and that he was "never given

any phone calls or a[n] opportunity to contact an attorney." ECF No. 10 at 3.  Plaintiff's claim must be dismissed with prejudice because he again has not alleged an interrogation, custodial or otherwise, and thus has not alleged either a violation of *Miranda* or his right to counsel.  Accordingly, this claim is dismissed with prejudice.

## ORDER

IT HEREBY IS ORDERED, that the Amended Complaint is dismissed with prejudice, except where otherwise noted, pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted and the Clerk shall enter judgment and close this case;

FURTHER, that the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: February 14, 2022
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York